IN THE US DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ORELLANA | : | |
| 4 Clubhouse Road | : | CIVIL ACTION – LAW |
| Hamburg, NJ 07419 | : | No.: _____ |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| WHITEWATER RAFTING ADVENTURE, INC | : | JURY TRIAL DEMANDED |
| D/B/A WHITEWATER RAFTING | : | |
| ADVENTURES, INC. | : | |
| 101 Adventure Trail Road | : | |
| Nesquehoning, PA 18249 | : | |
| Defendant | : | |

**Civil Action Complaint**

1. Plaintiff, Richard Orellana (hereinafter "Plaintiff"), is an adult individual who resides at the above referenced address in the State of New Jersey.

2. Defendant, Whitewater Rafting Adventure, INC, d/b/a Whitewater Rafting Adventures, Inc., (hereinafter "Defendant Whitewater") is a Pennsylvania domestic corporation, with a registered agent at the above referenced address located in Carbon County, Pennsylvania.

3. Plaintiff and Defendant are from different states and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. §1332.

4. At all times material hereto, Defendant engaged in the rafting and adventure outfitter business.

5. Upon information and belief, at all material times hereto, Defendant, directly and/or by and through its respective agents, ostensible agents, servants, borrowed servants,

workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendant, owned, possessed, managed, constructed, designed, maintained, operated and/or controlled the Subject Property known as Whitewater Rafting Adventures, located at 101 Adventure Trail Road, Nesquehoning, PA 18249 in Carbon County, Pennsylvania, including its rides, attractions, activities, water sports, and water adventures.

6. Upon information and belief, at all material times hereto, Defendant, acted and/or failed to act directly and/or by and through its respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority, in the ownership, possession, management, construction, design, maintenance, operation and/or control of its rides, attractions, activities, water sports, and water adventures.

7. At all material times hereto, Defendant was responsible for the acts and/or omissions of its duly authorized agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendant.

8. The facts and circumstances hereinafter set forth occurred on August 12, 2023 while on a whitewater rafting excursion on the Lehigh River, in Carbon County, Pennsylvania.

9. It is believed and therefore averred that on the morning of August 12, 2023, a dam release was scheduled by the Francis E. Walter Dam, releasing an unknown volume of accumulated water from its reservoir into Defendant's whitewater rafting course, thus increasing the speed, volume, and power of the Lehigh River rapids, hurling business invitees such as Plaintiff downstream.

10. At the aforesaid time and place, Plaintiff was engaged in the recreational activity of whitewater rafting as a paying customer of the Defendant.

11. At all times material hereto, Plaintiff was a business invitee and owed the highest duty of care by Defendant.

12. On the whitewater rafting tour in which Plaintiff participated on August 12, 2023, there were ten to fifteen unguided rafts containing varying numbers of participants.

13. At the time of the incident, Plaintiff was an occupant of an eight (8) foot raft provided by the Defendant, along with two (2) other occupants of said raft, none of whom were guides.

14. At the aforesaid time and place and during the tour, Plaintiff's raft was forced sideways into a large rock, throwing him from the raft and pinning him beneath the raft completely consumed by the turbulent current, thus causing him to sustain serious, permanent and/or debilitating injuries.

15. Upon information and belief, at all times relevant hereto, the characteristics of the aforesaid dam release, caused adult riders, such as those in the position of Plaintiff, to experience and be subjected to unreasonable and hazardous velocity and force without warning or proper instruction.

16. The aforesaid hazardous characteristics prompted by the dam release were not visible and/or discernible to business invitees in the position of Plaintiff and constituted a reasonably foreseeable risk of harm for business invitees such as Plaintiff

17. At no time relevant hereto, did Defendant, directly or by and through its agents, servants and/or employees, in any manner give notice to, warn, instruct, or advise Plaintiff of the aforesaid dangerous characteristics prompted by the dam release.

18. Defendant had actual and/or constructive notice of the existence of the dangerous condition for a sufficient time prior to the Incident to have taken measures to prepare for the

condition and/or to properly warn and instruct business invitees such as Plaintiff of the condition.

19. Upon information and belief, Defendant failed to provide a helmet, install and/or adopt adequate safety devices, components, protocols, and/or precautions to reasonably protect and safeguard the wellbeing of business invitees in the position of Plaintiff.

20. Upon information and belief, each and every guide, duly authorized agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendant that were present on the whitewater rafting tour were provided and instructed to wear helmets and other adequate safety devices, to protect and safeguard the wellbeing of themselves, rather than business invitees in the position of Plaintiff.

21. The plaintiff in no way or manner contributed to the Incident or his resulting injuries.

22. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has suffered and may in the future continue to suffer debilitating bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and serious impairment of one or more bodily functions.

23. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments to treat and cure himself of the injuries he sustained, to Plaintiffs' ongoing detriment and financial loss.

24. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or

fully performing his usual and customary duties, employment, hobbies and/or avocations to his ongoing detriment and loss.

25. At all times relevant hereto, Defendant was acting by and through its duly authorized servants, agents and employees, who were then and there engaged upon the performance of their duties, within the scope of their duties, within the scope of their employment and upon the business of Defendant.

**COUNT I - NEGLIGENCE**
<u>**Richard Orellana v. Defendant, Whitewater Rafting Adventure, INC, d/b/a Whitewater Rafting Adventures, Inc.**</u>

26. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

27. The negligence and carelessness of Defendant, directly and/or through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

 a. In failing to develop and/or establish appropriate operational standards for whitewater rafting;

 b. In failing to appropriately adhere to any developed and/or established operational standards for whitewater rafting;

 c. In failing to develop and/or establish appropriate emergency response procedures for whitewater rafting;

 d. In failing to appropriately adhere to any developed and/or established emergency procedures;

 e. In failing to develop and/or establish an appropriate whitewater safety and rescue course curriculum;

 f. In failing to appropriately adhere to any developed and/or established whitewater safety and rescue course curriculum;

 g. In failing to provide an adequate number of river rafting guides with adequate experience and/or training for the particular tour of which the Plaintiff was a part;

    h.  In allowing and/or permitting inexperienced and novice rafters to steer the raft in which the Plaintiff was situated;

    i.  In allowing and/or permitting inexperienced and novice rafters to negotiate the Lehigh River following a dam release, which the Defendant knew, or should have known, in the exercise of reasonable care, represented an extremely difficult hazard to negotiate;

    j.  In failing to provide adequate instructions to the occupants of Plaintiffs raft, including Plaintiff, relative to protocols to follow if the rafter falls out of the raft;

    k.  In failing to provide adequate instructions to the occupants of Plaintiffs raft, including Plaintiff, relative to protocols to follow if the rafter becomes submerged;

    l.  In failing to provide adequate instructions to the occupants of the Plaintiffs raft, including the Plaintiff, relative to the control, steering, and or paddling of the raft;

    m.  In failing to provide to inexperienced and novice rafters, including the Plaintiff, appropriate instructions to paddle their raft in such a way as to be able to avoid striking objects located in the river;

    n.  In failing to provide to inexperienced and novice rafters, including the Plaintiff, appropriate instructions relative to effectively and appropriately paddling the raft at such an angle as to be able to safely negotiate dangerous sections of the river and to be able to avoid striking objects located in the river;

    o.  In failing to appropriately train, certify, and/or qualify whitewater rafting guides;

    p.  In failing to provide to whitewater rafting guides appropriate means and methods of communication, such as radios, telephones and/or walkie-talkies;

    q.  In entrusting the control of a raft to inexperienced and novice rafters who were not capable of adequately controlling the raft;

    r.  In failing to assume appropriate responsibility for inexperienced and novice whitewater rafters;

    s.  In failing to appropriately control the flow of paddlers on the river;

    t.  In allowing, permitting and/or directing inexperienced and novice rafters to negotiate, steer, and/or otherwise control a raft at a portion of the river where natural river environment contained undercut rocks, ledges and swift currents;

u.  In providing an inadequate ratio of whitewater rafting guides to the number of persons who were part of the tour in which the Plaintiff was a participant;

v.  In failing to place an experienced and properly trained guide in the raft in which the Plaintiff was situated;

w.  In failing to appropriately educate its customers about the hazards, risks and dangers associated with negotiating the river following a dam release;

x.  In failing to and/or appropriately adhere to developed and/or established appropriate operational standards for whitewater rafting guides;

y.  In failing to develop and/or establish appropriate operational standards for boat and rafter flow;

z.  In failing to appropriately adhere to any developed and/or established operational standards for control of rafts on the river;

aa. In failing to appropriately notify and/or warn the Plaintiff of hazards involved in whitewater rafting;

bb. In failing to know of and/or to respond in appropriate fashion to the water level in existence at the time of the occurrence here in question and/or in failing to have in place and/or execute safety measures appropriate to the water level;

cc. In failing to have a guide, lifeguard, or rescue personnel in such proximity to each raft on the tour in which the Plaintiff participated so as to be able to promptly rescue persons, such as the Plaintiff, who had fallen into turbulent waters; and

dd. In failing to recover the Plaintiff from the water within a reasonable period of time.

**WHEREFORE,** Plaintiff Richard Orellana, demands judgment in his favor against Defendant, Whitewater Rafting Adventure, INC, d/b/a Whitewater Rafting Adventures, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and with such further relief as this Court may deem appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Date: 8/6/2025          By: /s/ Joseph Mirabile
                                    Joseph Mirabile, Esquire
                                    PA ID No.: 318110
                                    518 E. Township Line Road, Suite 100
                                    Blue Bell, PA 19422
                                    610-279-7000



135455
8 of 8

## Verification

    The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit.  The language of the attached pleading is that of counsel and not of signer.  Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief.  To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

    This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
**Richard Orellana**